UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| TRAVCO INSURANCE COMPANY, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHRISTOPHER WEBSTER, | ) | Case No. 1:14-cv-00095-SEB-DML |
| KINDRA WEBSTER, | ) | |
| AARON MANIFOLD, | ) | |
| ERIN MANIFOLD, | ) | |
| | ) | |
| Defendants. | ) | |

## Order Denying Defendants' Motion to Stay (Dkt. 7)

The complaint filed by plaintiff Travco Insurance Company seeks a declaratory judgment regarding Travco's defense and indemnity obligations under a homeowners' insurance policy (the "Policy") it issued to Christopher and Kindra Webster with respect to claims asserted against them by Aaron and Erin Manifold in a wrongful death case filed in Hamilton Superior Court ("State Court"). The Websters and Manifolds jointly move for a stay of this case in favor of proceedings supplemental in the State Court. (Dkt. 7). They argue that the insurance issues about which Travco seeks a declaratory judgment are pending in the State Court and that this court should enter a stay under the Supreme Court's *Brillhart/Wilton* abstention doctrine. *Brillhart/Wilton* allows a district court, in its discretion and without the presence of extraordinary circumstances, to dismiss or stay a declaratory judgment action because of the pendency of parallel state court

proceedings. *See Wilton v. Seven Falls Company,* 515 U.S. 277 (1995); *Brillhart v. Excess Ins. Co.,* 316 U.S. 491 (1942).

Because the court is not persuaded that in its current posture the State Court litigation is a parallel proceeding, it denies the defendants' motion for a stay of this case. The court first describes the State Court proceedings and then explains the rationale for declining to enter a stay.

### The State Court Proceedings

In October 2012, the Manifolds' infant daughter suffered fatal injuries while in the care of Mrs. Kindra Webster in the Websters' home. After the death, the Websters made a claim under the Policy but Travco decided that the Policy excluded coverage based on its determination that the death arose out of or in connection with a day care business operated by the Websters. (Dkt. 1-3, pp.1&2). The Manifolds then filed suit in Hamilton Superior Court in March 2013 and the Websters asked Travco to provide a defense and indemnity against any judgment. Travco again determined that a business exclusion under the Policy applied, and that because the Manifolds' claim fell outside coverage, Travco would not defend the Websters. Travco told the Websters that they must defend themselves and hire counsel at their own cost. (Dkt. 1-3, p. 3).

On July 16, 2013, the Websters were defaulted in the State Court case and a damages hearing was set for September 5, 2013. (Dkt. 8-3). On September 4, 2013, the Websters (at that time represented by counsel) and the Manifolds entered into a Consent Judgment. (Dkt. 1-4). Under the Consent Judgment, the Websters

admitted their negligence, agreed that the Manifolds' damages were $1,002,175, and agreed to pay $2,175 of that amount and to provide a written apology to the Manifolds. The Websters also assigned to the Manifolds all rights and causes of actions they may have against Travco for payment of the remaining $1.0 million. On September 5, the State Court entered the Consent Judgment as a final judgment against the Websters. (Dkt. 8-5).

On December 4, 2013, the Manifolds—as judgment creditors—filed in the State Court case a motion for proceedings supplemental. They named Travco as a garnishee-defendant, and asked the court "after hearing" to make a finding that Travco "is in possession of property that [the Websters] have due and owing and issue an appropriate order to apply said property towards the Judgment pursuant to statute." (Dkt. 8-6 at p. 2). Their motion included a copy of the Policy. The Manifolds also obtained an order from the State Court (which they had submitted for the court's consideration) requiring Travco to answer certain interrogatories about the Policy. The order set a hearing at which Travco would be required to present "any claim or defense" under its Policy. The order states: "Any claim or defense to the proceedings supplemental or garnishment order must be presented at the time and place of the hearing specified herein." (Dkt. 8-9). The State Court filled in blanks in the Websters' tendered order that set the hearing for January 29, 2014.

Travco obtained a continuance of the hearing to March 5, 2014, and in the meantime filed the complaint for declaratory judgment in this court. It then asked

3

the State Court to stay its proceedings. The State Court denied the request for a stay and ordered Travco to answer the interrogatories. Its order to answer interrogatories states that answering "shall not be construed as a waiver of [Travco's] federal declaratory judgment action." Dkt. 14-1. The interrogatories ask Travco whether it issued a homeowners' policy to the Websters for the period October 1, 2011, through October 1, 2012, and seek production of the policy (Dkt. 8-7). Travco apparently has answered the interrogatories, though this court has not been provided a copy. According to the parties, no case management procedures for discovery, summary judgment briefing, or trial to adjudicate insurance coverage issues have been set in the State Court. (Dkt. 14).

## Analysis

I. **The *Brillhart/Wilton* abstention doctrine applies to declaratory judgment act cases.**

In *Brillhart v. Excess Ins. Co.,* 316 U.S. 491 (1942), the Supreme Court held that a district court is under "no compulsion to exercise" its jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201. *Id.* at 494. If all matters that are in controversy in the federal suit can be adequately tested and satisfactorily adjudicated in a pending state court proceeding, then a federal district court should probably abstain and avoid "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation." *Id.* at 495.

*Brillhart* concerned a district court's dismissal of a declaratory judgment suit brought by a reinsurer that its agreement to reinsure certain obligations of an insurance company (Central Mutual) which had been liquidated did not provide

4

indemnity coverage on a state court judgment. Central Mutual had insured a person whose actions caused the death of another in an auto accident. Central Mutual had determined there was no coverage under its policy and refused to defend its insured. Its insured suffered a default judgment. The decedent's estate sought to collect its judgment against the reinsurer and instituted proceedings supplemental under Missouri state law. The federal district court dismissed the declaratory judgment action on the estate's motion, which argued that the reinsurer's coverage obligations could be decided in the garnishment proceeding pending in the Missouri state court. *Id.* at 493. The district court's decision did not, however, expressly address whether all coverage issues in the federal case could in fact adequately be tested in the garnishment proceeding.

The Supreme Court ruled that in exercising discretion to refrain from entertaining the declaratory judgment suit, the district court must address whether all matters in controversy in the federal suit can be fully adjudicated in the state litigation. *Id.* at 495. To the extent there is doubt whether the state garnishment proceeding allows adequate adjudication of all claims among all parties, the district court properly may refuse to abstain from exercising its jurisdiction under the Declaratory Judgment Act ("DJA"). *Id.* at 496-97.

Fifty years later, in *Wilton v. Seven Halls Company,* 515 U.S. 277 (1995), the Court again addressed in the context of an insurance coverage dispute a district court's discretion to abstain from exercising its jurisdiction under the DJA in favor of a parallel state proceeding. It ruled that *Brillhart* was still good law as to DJA

5

cases and the "exceptional circumstances" test from the Court's 1976 *Colorado River* case (requiring a district court to exercise its jurisdiction even if there is a parallel state proceeding except in "exceptional circumstances") did not apply in the DJA context. The Court affirmed a district court's stay of a DJA case where "parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court." *Id.* at 290.

The question for this court therefore is whether the garnishment proceedings in the State Court allow for adequate testing and satisfactory adjudication of all the issues among all the parties that are pending in this case. On the record before it, the court is not convinced that the garnishment proceeding is an adequate parallel proceeding.

> II. **The garnishment proceeding is not an adequate parallel proceeding for adjudication of the insurance claims assigned to the Manifolds.**

The court does not doubt that it is *possible* for some insurance coverage issues to be decided in the context of a proceeding supplemental under Indiana law. There are several reported decisions of the Indiana Supreme Court or Indiana Court of Appeals in which the courts' descriptions of the procedural history of the cases indicate that an insurer's obligation to pay a judgment was litigated as part of a proceeding supplemental. *E.g., Frankenmuth Mut Ins. Co. v. Williams,* 690 N.E.2d 675 (Ind. 1997) (insurer's liability for policy limits decided on motion for summary judgment in proceeding supplemental; Supreme Court reversed and remanded for a trial); *Liberty Mut. Ins. Co. v. Metzler,* 586 N.E.2d 897 (Ind. Ct. App. 1992) (in

6

proceeding supplemental, insurance company filed answer and counterclaim for declaratory judgment that its policy did not provide coverage and it had no duty to indemnify its insured for judgment against it; issue was decided on cross-motions for summary judgment); *State Farm Mut. Auto. Ins. Co. v. Glasgow,* 478 N.E.2d 918 (Ind. Ct. App. 1985) (in proceeding supplemental, trial court heard evidence pertaining to whether indemnity coverage was triggered; Court of Appeals reversed factual findings and remanded for a "full hearing" on the coverage issue).

These cases did not, however, discuss the propriety of using a proceeding supplemental to decide controverted coverage claims.[1] And none of them seems to have involved circumstances like this case where the judgment-debtor (the Websters) had assigned their rights under the insurance policy to the judgment-creditor (the Manifolds) or where the judgment-creditor might assert a bad faith claim to recover damages in excess of the policy's limits. (The $1 million judgment exceeds the policy limits under Travco's policy.)

In *State Farm Mut. Auto. Ins. Co. v. Estep,* 873 N.E.2d 1021 (Ind. 2007), the Indiana Supreme Court stated that the "merits of any assigned [insurance] claim should not be tried in [a proceeding supplemental]." *Id.* at 1023 n.4. The court described a proceeding supplemental as a "limited forum" that is not appropriate for trying a judgment-creditor's cause of action against a garnishee-defendant. *Id.*

---

[1]   In *Allstate Ins. Co. v. Morrison,* 256 N.E.2d 918 (Ind. Ct. App. 1970), cited by the defendants, the insurer waived its argument that the garnishment proceeding did not provide sufficient process for adjudicating its indemnity obligation to its insured. *Id.* at 503 (Allstate waived all issues regarding sufficiency of notice and process and its appeal was limited to whether the trial court's judgment was supported by sufficient evidence.)

Although the majority opinion did not further elaborate, Justice Boehm in his concurring opinion explained why "a proceeding supplemental is not the proper forum to resolve the merits of an assigned claim." *Id.* at 1028 (Boehm, J., concurring and dissenting and joined by Dickson, J).

He noted that before Indiana adopted its Trial Rules in 1970, proceedings supplemental were always filed as "new and independent civil actions." With the adoption of Ind. Trial R. 69(E), Indiana sought to simplify and expedite the process for determining whether a judgment-debtor holds any assets that can be attached to satisfy a judgment against him. *Id.* at 1029. When the judgment-debtor has assigned his claims, however, those claims are no longer his "property, income, or profits" capable of attachment within a proceeding supplemental. *Id.* Justice Boehm stated that neither Trial Rule 69(E) nor the statute governing proceedings supplemental (Ind. Code § 34-55-8-7(a)) "purport to confer jurisdiction over the merits of the assigned claim." *Id.* He also considered the practical reasons why an assigned claim should not be tried in a proceeding supplemental. They include the fact that Trial Rule 69(E) contemplates expedited procedures that may be wholly inconsistent with adjudicating an insurance coverage/bad faith dispute that requires the gathering of evidence and a trial on the merits. *Id.* at 1030.

This case illustrates the ill fit between procedures contemplated by Indiana Trial Rule 69(E) and the insurance defense and coverage issues that are at stake among the parties. Before the Manifolds filed their proceeding supplemental that named Travco as a garnishee-defendant, the Manifolds (a) had a copy of Travco's

policy; (b) had been assigned the Websters' claims vis-à-vis that policy; and (c) knew Travco's legal position that its policy did not provide any coverage because of the business exclusion. The Manifolds also knew that their contrary view that the business exclusion did not apply could not be resolved without discovery of the facts surrounding the Websters' daycare or babysitting services and either a full-blown trial or at the least—if the pertinent facts regarding those services were not in dispute—a considered adjudication of the coverage question through a motion for summary judgment. They also knew that to the extent they may seek from Travco any amount in excess of the policy's limits, still other and different discovery would be required regarding Travco's claims adjustment work and a trial or summary judgment procedures would be necessary to resolve any excess-limits claim.

Despite the need for discovery and the briefing of dispositive motions or a trial, and despite the fact that the Manifolds hold a $1 million judgment that they seek to collect from Travco, the Manifolds obtained from the State Court an order that purported to require a final resolution of defense and coverage issues at a hearing to take place six weeks after initiating their proceeding supplemental. Justice Boehm observed in his concurring opinion in *Estep* that it would be unfair to try such an insurance coverage dispute in a truncated way within a proceeding supplemental, and it would defeat the purpose of a proceeding supplemental to convert it to a full-blown trial. He wrote, "There is no reason to choose either of these undesirable alternatives. Requiring the matter to be tried as a freestanding independent lawsuit avoids both." *Estep,* 873 N.E.2d at 1030.

9

Based on the Indiana Supreme Court's decision in *Estep*—joined by all justices—that with respect to an *assigned* insurance claim, a proceeding supplemental is not an appropriate forum to decide the merits of such a claim, this court decides that abstention under *Brillhart/Wilton* is not the proper course. The court observes too that to date no case management procedures have been set in the State Court case to address discovery, the filing of dispositive motions, or trial. The court therefore DENIES the defendants' motion to stay this case. By separate entry, the court will schedule an initial pretrial conference.

So ORDERED.

Date: 04/25/2014

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system